UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES OF AMERICA                )
                                        )
        v.                              )        Criminal No. 10-0133 (PLF)
                                        )
FLOYD CLARK,                            )
                                        )
        Defendant.                      )
_____)


MEMORANDUM OPINION AND ORDER

        This matter is before the Court on the *pro se* motion of the defendant, Floyd

Clark, to modify the schedule for his restitution payments.  Mr. Clark argues that this Court

should set the schedule for his monthly restitution payments under the Bureau of Prisons' Inmate

Financial Responsibility Program ("IFRP").  The government opposes the motion.  Upon careful

consideration of the parties' submissions, the relevant authorities, and the entire record in this

case, the Court will deny Mr. Clark's motion.[1]


I.   BACKGROUND

        After a jury trial, Floyd Clark was found guilty on the following eight counts:

kidnaping; using, carrying, possessing and brandishing a firearm during a drug trafficking

offense; carjacking; carjacking while armed; possession of a firearm during the commission of a

crime of violence or dangerous offense; armed robbery; possession of a firearm during the

_____
        [1]      The documents reviewed by the Court in connection with the motion in question
include: the defendant's motion for modification of payment schedule ("Mot.") [Dkt. No. 100];
the United States' opposition to defendant's *pro se* motion for modification ("Opp.") [Dkt. No.
102]; and the defendant's reply to United States' opposition ("Reply") [Dkt. No. 103].

commission of a crime of violence or dangerous offense; and the unlawful possession of a firearm by an individual under felony indictment.  He was sentenced to 284 months' imprisonment and was ordered to repay $15,440 in restitution.  The Court provided that "[s]pecial assessments … and the restitution, are immediately payable to the Clerk of the Court for the U.S. District Court, District of Columbia."  Judgment Dkt. 84 at 6 (Aug. 17, 2011).  The Court further provided that "[t]he defendant shall make payments on the restitution and special assessments through his participation in the Bureau of Prisons' Inmate Financial Responsibility Program."  Id.  Mr. Clark is currently incarcerated in a Bureau of Prisons ("BOP") facility in Welch, West Virginia.

Mr. Clark entered into an agreement with the BOP to pay $25 per quarter towards his restitution.  Mot. at 2.  He alleges that subsequent to the initial agreement, the "amount has been repeatedly increased arbitrarily and capriciously by the BOP's staff members… under the pretext of the threat that Petitioner would be placed on [I]FRP refusal status (meaning unwillingness to make payments towards the [I]FRP) and a number of sanctions would ensue against the Petitioner."  Id.  He further asserts that, while he continues to pay his restitution payments, it is "not without economic hardship on his ability to stabilize his prison life, rehabilitate himself, and maintain family ties."  Id.  The government counters that, not only does the Court lack the authority to interfere with the BOP's administration of the IFRP, but the defendant has also failed to offer specific financial information to justify the requested relief.  See Opp. at 7-10.

## II.  DISCUSSION

In his motion, Mr. Clark asks this Court to order that his quarterly restitution payments under the BOP's IFRP remain at $25 per quarter, the monthly minimum amount allowable.  For two reasons, each of which is sufficient to deny the relief sought, the Court will deny the motion.

First, as Mr. Clark concedes, his participation in the IFRP is voluntary.  <u>See</u>  Mot. at 2.  The Court has previously noted, however, that "[a]lthough [the] BOP merely encourages an inmate's participation in the program, <u>see</u> 28 C.F.R. § 545.10, an inmate who refuses to participate ordinarily loses certain privileges.  <u>See</u> 28 C.F.R. § 545.11(d)."  <u>United States v. Honesty</u>, Criminal No. 07-0155, 2010 WL 348021, at *1 (D.D.C. Jan. 29, 2010) (Friedman, J.). Nevertheless, "[b]ecause the Court's Judgment does not require [the defendant] to participate in the BOP's IFRP at all, let alone obligate [him] to make specific monthly payments under that program, this Court has no occasion to modify its Judgment to 'reduce' [the defendant]'s monthly payments under the IFRP."  <u>United States v. Rush</u>, 853 F. Supp. 2d 159, 162 (D.D.C. 2012) (Kollar-Kotelly, J.).

Second, "the IFRP 'operates under the exclusive control and authority of the Executive Branch.'"  <u>United States v. Ayers-Zander</u>, Criminal No. 11-280, 2013 WL 2468300, at *1 (D.D.C. Jun. 7, 2013) (Roberts, J.) (quoting <u>United States v. Baldwin</u>, 563 F.3d 490, 492 (D.C. Cir. 2009)).  Because Mr. Clark seeks relief in connection with his IFRP payment, which is administered by the BOP, he must first proceed through the appropriate administrative channels before seeking relief in this Court.  <u>See</u> 28 C.F.R. § 542.10(a) ("The purpose of the [BOP's] Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement.").  Here, Mr. Clark has not shown that he has

exhausted the administrative remedies available to him before seeking relief from this Court.
See United States v. Ayers-Zander, 2013 WL 2468300 at *1.

        Furthermore, even if Mr. Clark had exhausted his administrative remedies, it is
possible that any request for relief would not lie in this Court.  See United States v. Ayers-
Zander, 2013 WL 2468300 at *1 ("[T]he proper method for challenging how [the] BOP is
administering the IFRP . . . may not be a motion to the sentencing court, but rather a petition
under 28 U.S.C. § 2241 in the district where [he] is serving [his] sentence."); United States v.
Rush, 853 F. Supp. 2d at 160 (agreeing that "[the defendant's] remedy must lie elsewhere").

        For all of these reasons, it is hereby

        ORDERED that Mr. Clark's Motion for Modification of Payment Schedule [Dkt.
No. 100] is DENIED; and it is

        FURTHER ORDERED that the Clerk of this Court shall mail a copy of this
Memorandum Opinion and Order to Mr. Clark at his address of record.

        SO ORDERED.


                /s/
                _____
                PAUL L. FRIEDMAN
DATE:  July 11, 2013          United States District Judge