UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 10-0133 (PLF) |
| ) | Civil Action No. 15-0493 (PLF) |
| FLOYD CLARK, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Floyd Clark's motion for a certificate of appealability [Dkt. No. 151] from this Court's Order denying Mr. Clark's motion for relief under 28 U.S.C. § 2255. The government has filed an opposition to the motion [Dkt. No. 155]. After careful consideration of the parties' papers, the relevant case law and statutes, and the entire history of this case, the Court will grant the motion in part and will issue a certificate of appealability limited to the Section 2255 claim based on newly discovered evidence of a post-trial recanting affidavit by the government's primary witness.

In a proceeding brought under 28 U.S.C. § 2255, the applicant cannot take an appeal unless a circuit judge or district judge first issues a certificate of appealability. See FED. R. APP. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Mr. Clark "need not show that he should prevail on the merits. . . . Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to

proceed further.'" United States v. Mitchell, 216 F.3d 1126, 1130 (D.C. Cir. 2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)); see also Miller-el v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

The motion now before the Court concerns a certificate of appealability from an Order [Dkt. No. 144] denying three of Mr. Clark's claims in support of his motion [Dkt. No. 114] to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Mr. Clark's first claim is based on new evidence: an affidavit recanting central portions of trial testimony from the only witness who identified Mr. Clark as a participant in the crimes for which he was convicted. Mr. Clark's other two claims are ineffective assistance of trial counsel and of appellate counsel under the Sixth Amendment to the Constitution. See Strickland v. Washington, 466 U.S. 668 (1984). The Court found no merit to either claim of ineffective assistance of counsel, United States v. Clark, 382 F. Supp. 3d 1, 28-31 (D.D.C. 2019), and finds no reason for any court to revisit those claims now. The Court also denied the new evidence claim, but found it a much closer question.

As the Court noted in its opinion denying relief to Mr. Clark under Section 2255, courts in this circuit may grant relief based on a witness' recantation of trial testimony only if two requirements are met. United States v. Clark, 382 F. Supp. 3d at 20. First, the Court must be "reasonably well satisfied" that the witness' trial testimony was in fact false. United States v. Kearney, 682 F.2d 214, 220 (D.C. Cir. 1982). Second, the Court must find that "absent the recanted testimony a new trial would probably produce an acquittal." United States v. Williams, 233 F.3d 592, 593 (D.C. Cir. 2000) (citing Thompson v. United States, 188 F.2d 652, 653 (D.C. Cir. 1951)). The "reasonably well satisfied" standard has not been modified since the D.C. Circuit announced it in 1982, see United States v. Kearney, 682 F.2d at 220, and the standard has been followed consistently by judges of this Court. See United States v. Mahdi, 172 F. Supp. 3d

2

57 (D.D.C. 2016); United States v. Henry, 821 F. Supp. 2d 249 (D.D.C. 2011). The Court therefore felt bound by Kearney in evaluating Mr. Clark's Section 2255 motion.

Based on the trial in this case over which the undersigned presided, the recanting affidavit of the sole witness who identified Mr. Clark, and the evidentiary hearing on the Section 2255 motion, the Court easily found that Mr. Clark had established that a new trial without the recanted testimony would probably lead to Mr. Clark's acquittal. United States v. Clark, 382 F. Supp. 3d at 25. It could not, however, find itself "reasonably well satisfied" under Kearney that the recanted trial testimony was, in fact, false. United States v. Clark, 382 F. Supp. 3d at 21-24. Rather, the Court found that the recanting witness had told so many different stories before, during, and after trial that "nearly the only thing to emerge clearly from this morass is that [the witness] lied under oath" on more than one occasion. Id. at 24. The Court could not determine when the witness was telling the truth and when he was not. Id. The evidence against Mr. Clark is muddled and compromised to a degree that raises substantial concerns about the legitimacy of his conviction. In the context of the high bar set by the D.C. Circuit, however, the Court necessarily concluded that Mr. Clark had not met his burden under Kearney – that is, the Court could not be "reasonably well satisfied" that the recanting witness' trial testimony, among all his conflicting statements, was false. It therefore denied the Section 2255 motion.

While the Court stands by its analysis of the recanting affidavit under the current precedent in this circuit, it concludes that the court of appeals might disagree, or that it might wish to revisit the test for recanting affidavits that it announced in 1982. See United States v. Kearney, 682 F.2d at 220. If this Court has employed an inappropriate standard or misunderstood the import of Kearney – or if the court of appeals believes that the rules regarding recanting affidavits should be revisited or modified – then Mr. Clark clearly would be entitled to

3

a new trial. A new trial without the recanted testimony – the only testimony conclusively linking Mr. Clark to the crimes – would inevitably produce an acquittal. See United States v. Clark, 382 F. Supp. 3d at 24-25.  Under these circumstances, the Court concludes that the defendant has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and therefore finds that he has met the standard for the issuance of a certificate of appealability. Accordingly, it is hereby

ORDERED that the defendant's motion for a certificate of appealability [Dkt. No. 151] is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that, the Court having found that a certificate of appealability is warranted, a certificate of appealability will issue for the new evidence claim based on the recanting affidavit.  No certificate of appealability will issue with respect to the defendant's claims of ineffective assistance of trial counsel and of appellate counsel; and it is

FURTHER ORDERED that the Clerk of this Court is directed to transmit a copy of this Memorandum Opinion and Order to the court of appeals.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  September 16, 2019