UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 10-0133 (PLF) |
| FLOYD CLARK, | ) | Civil Action No. 15-0493 (PLF) |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant Floyd Clark's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Def. Mot.") [Dkt. No. 114], as amended by his Supplement to Defendant's Motion Pursuant to 28 U.S.C. § 2255 ("Def. 1st Suppl.") [Dkt. No. 132]. Mr. Clark argues that his conviction under 18 U.S.C. § 924(c)(1) on Count Two of the indictment, based on the predicate offense of kidnapping in violation of 18 U.S.C. § 1201(a)(1), is unconstitutional and should be vacated in light of the Supreme Court's ruling in United States v. Davis 588 U.S. 445 (2019) and its progeny. The United States concedes that Mr. Clark's conviction on that count must be vacated. It separately moves, however, for the Court to reinstate Mr. Clark's other Section 924(c)(1) conviction, which was based on the predicate offense of carjacking in violation of 18 U.S.C. § 2119 and was previously vacated by the Court upon the United States' motion.

Upon careful consideration of the parties' papers, the relevant legal authorities, and the entire record in this case, the Court will grant Mr. Clark's motion to vacate his

Section 924(c)(1) conviction on Count Two and will deny the United States' motion to reinstate Mr. Clark's Section 924(c)(1) conviction on Count Four.[1]

## I. BACKGROUND

The Court has previously set out the detailed background of the case, see United States v. Clark, 382 F. Supp. 3d 1 (D.D.C. 2019), appeal dismissed, 977 F.3d 1283 (D.C. Cir. 2020), and therefore recounts here only those details pertinent to resolving the parties' pending motions.

On December 13, 2010, a jury convicted Mr. Clark on all counts of a nine-count indictment charging him in connection with an armed carjacking, robbery, and kidnapping. See United States v. Clark, 382 F. Supp. 3d at 6; see also Verdict Form at 1-2. Only the following convictions on Counts One through Four are relevant to the pending motions: kidnapping in violation of 18 U.S.C. § 1201(a)(1) (Count One); using, carrying, possessing, and brandishing a firearm during a crime of violence (kidnapping) in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); carjacking in violation of 18 U.S.C. § 2119 (Count Three); and using, carrying,

---

[1] The Court has reviewed the following documents and their accompanying exhibits in connection with the pending motions: Indictment [Dkt. No. 6]; Verdict Form [Dkt. No. 55]; Government's Consolidated Motion to Vacate Defendant's Conviction on Count III of the Indictment and Memorandum in Aid of Sentencing ("Gov't Sent'g Memo.") [Dkt. No. 74]; Judgment in a Criminal Case ("Judgment") [Dkt. No. 84]; Transcript of August 11, 2011 Sentencing ("Sent'g Hearing Tr.") [Dkt. No. 98]; Amended Judgment in a Criminal Case ("Amended Judgment") [Dkt. No. 109]; Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Def. Mot.") [Dkt. No. 114]; Government's Opposition to Petitioner's Petition to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Dkt. No. 118]; Supplement to Defendant's Motion Pursuant to 28 U.S.C. § 2255 ("Def. 1st Suppl.") [Dkt. No. 132]; Defendant's Supplemental Pleading Concerning United States v. Davis, 139 S. Ct. 2319 (2019) ("Def. 2d Suppl.") [Dkt. No. 160]; United States' Response to Defendant's Supplemental § 2255 Pleading Based Upon Davis, and Motion to Reinstate Defendant's Conviction for Count 4 ("Gov't Opp.") [Dkt. No. 165]; and Reply to the Government's Response to Defendant's Supplemental Sec. 2255 Pleading Based Upon Davis and Opposition to Motion to Reinstate Defendant's Conviction for Count 4 ("Def. Reply") [Dkt. No. 166].

possessing, and brandishing a firearm during a crime of violence (carjacking) in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four).  See Indictment at 1-2.

Prior to sentencing, the United States moved to vacate Mr. Clark's Section 924(c)(1) conviction on Count Four, arguing that both his Section 924(c)(1) convictions arose from the same use of a firearm "to simultaneously abduct the victim and take his car." Gov't Sent'g Memo. at 7, 13; see also United States v. Wilson, 160 F.3d 732, 749 (D.C. Cir. 1998) (vacating one of two Section 924(c)(1) convictions through the doctrine of merger where the "single use of a gun result[ed] in more than one offense").  On the day of sentencing, the Court granted the United States' motion and vacated Mr. Clark's Section 924(c)(1) conviction on Count Four.  See Sent'g Hearing Tr. at 29:8-12; Judgment at 1.  The Court then proceeded to sentence Mr. Clark to an aggregate term of 284 months' imprisonment, including a mandatory sentence of 84 months for the Section 924(c)(1) conviction on Count Two.  See Judgment at 3.  On appeal, the D.C. Circuit affirmed the convictions but vacated the sentence for the Section 924(c)(1) conviction on Count Two.  See United States v. Clark, 565 F. App'x 4, 5 (D.C. Cir. 2014) (citing Alleyne v. United States, 570 U.S. 99 (2013)).  On remand, the Court resentenced Mr. Clark to 60 months in prison for the Section 924(c)(1) conviction on Count Two, resulting in an aggregate term of imprisonment of 260 months.  See Amended Judgment at 3.

On April 2, 2015, Mr. Clark filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, in which he raised several grounds for relief based on new evidence and ineffective assistance of counsel.  See Def. Mot.; see also United States v. Clark, 382 F. Supp. 3d at 7.  On June 23, 2016, and March 13, 2020, Mr. Clark supplemented his Section 2255 motion with an additional basis for relief: that his sentence on Count Two for

3

violating 18 U.S.C. § 924(c)(1) is now unconstitutional in light of the Supreme Court's decisions in Johnson v. United States, 576 U.S. 591 (2015), and United States v. Davis, 588 U.S. 445 (2019).  See Def. 1st Suppl. at 1-3; Def. 2d Suppl. at 2-4.  On April 22, 2019, after conducting separate evidentiary and motions hearings, the Court denied in part Mr. Clark's Section 2255 motion as to his first three claims and reserved decision on his fourth – that his sentence on Count Two is unconstitutional under Johnson and Davis.  See United States v. Clark, 382 F. Supp. 3d at 5, 7, 31-32; Order [Dkt. No. 144]; see also United States v. Clark, 977 F.3d at 1289 (dismissing appeal for lack of subject-matter jurisdiction).  The parties have filed supplemental briefing on this remaining issue, and Mr. Clark's Section 2255 motion is now ripe for decision.

## II.  LEGAL STANDARD

A person in federal custody may move to vacate, set aside, or correct a sentence if they believe that the sentence was imposed, among other things, "in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  As the movant, Mr. Clark "bears the burden of establishing a denial of constitutional rights by a preponderance of the evidence."  United States v. Clark, 382 F. Supp. 3d at 27 (citing Daniels v. United States, 532 U.S. 374, 381-82 (2001)).  Upon determining that a sentence has been imposed unlawfully, the Court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  United States v. Cross, 256 F. Supp. 3d 46, 47 (D.D.C. 2017) (quoting 28 U.S.C. § 2255(b)); see also United States v. Palmer, 854 F.3d 39, 49 (D.C. Cir. 2017).

Section 924(c)(1)(A) imposes mandatory minimum sentences on defendants convicted of using, carrying, or possessing a firearm "during and in relation to any crime of violence or drug trafficking crime"; the sentence must be consecutive to the sentence for the

4

crime of violence.  18 U.S.C. § 924(c)(1)(A); see also United States v. Mejia, 502 F. Supp. 3d 387, 390 (D.D.C. 2020) ("[A] defendant commits a § 924(c)(1) offense when he commits some other crime (the 'predicate crime') and, while doing so, possesses a firearm.").  As defined by statute, a "crime of violence" is a felony offense

> (A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  "The first clause is known as the elements clause; the second is known as the residual clause." St. Hubert v. United States, 140 S. Ct. 1727, 1728 n.2 (2020) (Sotomayor, J., respecting the denial of certiorari).  In 2019, the Supreme Court held that the residual clause, 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague.  See United States v. Davis, 588 U.S. at 470. [2]  Thus, a predicate offense may qualify as a crime of violence so as to support a viable Section 924(c)(1) conviction only under the elements clause, 18 U.S.C. § 924(c)(3)(A).  See, e.g., United States v. Mejia, 502 F. Supp. 3d at 390.

To determine whether a conviction qualifies as a crime of violence under Section 924(c)(3)'s elements clause, the Court employs the "categorical approach."  See United States v. Abu Khatallah, 316 F. Supp. 3d 207, 212 (D.D.C. 2018).  Under this approach, the Court "ignor[es] the particular facts of the case" and instead "focus[es] solely on whether the elements of the crime of conviction sufficiently match the elements of" a crime of violence, as

---

[2] The Supreme Court's decision in United States v. Davis followed its ruling in Johnson v. United States, 576 U.S. 591 (2015), where the Court invalidated a similar residual clause under the Armed Career Criminal Act, 18 U.S. C. § 924(e), finding that it was unconstitutionally vague.  In that case, the Court held that the residual clause at issue "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." Johnson v. United States, 576 U.S. at 598.

5

defined in 18 U.S.C. § 924(c)(3)(A).  Mathis v. United States, 579 U.S. 500, 504 (2016); see Moncrieffe v. Holder, 569 U.S. 185, 190 (2013).  More specifically, the Court must presume that the conviction "'rested upon [nothing] more than the least of th[e] acts' criminalized, and then determine whether even those acts are encompassed by the generic federal offense." Moncrieffe v. Holder, 569 U.S. at 191 (quoting Johnson v. United States, 559 U.S. 133, 137 (2010)).  If those elements "are the same as, or narrower than, those of the generic offense," the crime of conviction "counts" as a crime of violence.  Mathis v. United States, 579 U.S. at 504; see Descamps v. United States, 570 U.S. 254, 261 (2013) ("[I]f the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as [a predicate offense], even if the defendant actually committed the offense in its generic form.").  Put another way, the Court must determine whether the least culpable conduct criminalized under the relevant statute satisfies the elements clause.  If it does not, then the conviction under that statute cannot serve as a predicate offense for a charge under Section 924(c)(3).

### III.  DISCUSSION

*A.  Mr. Clark's Section 924(c)(1) Conviction on Count Two Will Be Vacated*

In his Section 2255 motion, Mr. Clark argues that his Section 924(c)(1) conviction on Count Two must be vacated because the predicate offense of kidnapping in violation of 18 U.S.C. § 1201(a)(1) does not qualify as a crime of violence under the elements clause.  See Def. 1st Suppl. at 2; Def. 2d Suppl. at 4.  The United States concedes this point, observing "that kidnapping in violation of 18 U.S.C. § 1201(a)(1) is categorically overbroad under Davis and no longer qualifies as a 'crime of violence' for purposes of § 924(c)."  Gov't Opp. at 8.  Numerous courts of appeals have recognized that federal kidnapping does not qualify as a crime of violence under the elements clause.  See, e.g., United States v. Lassiter, 1 F.4th 25,

6

29 (D.C. Cir. 2021) ("Without the residual clause, kidnapping no longer me[ets] the definition of a 'crime of violence.'"); United States v. Gillis, 938 F.3d 1181, 1209-10 (11th Cir. 2019) (per curiam); United States v. Walker, 934 F.3d 375, 379 (4th Cir. 2019); United States v. Jenkins, 849 F.3d 390, 394 (7th Cir. 2017), vacated on other grounds, 584 U.S. 973 (2018); Knight v. United States, 936 F.3d 495, 497 (6th Cir. 2019); United States v. Taylor, 848 F.3d 476, 491 (1st Cir. 2017). The Court therefore will vacate Mr. Clark's Section 924(c)(1) conviction on Count Two.

### B. Mr. Clark's Section 924(c)(1) Conviction on Count Four Will Not Be Reinstated

In its opposition to Mr. Clark's Section 2255 motion, and in light of its concession that his Section 924(c)(1) conviction on Count Two should be vacated, the United States moves to reinstate and impose a sentence for Mr. Clark's vacated Section 924(c)(1) conviction on Count Four. See Gov't Opp. at 9-14. It argues that because the Court vacated Mr. Clark's conviction on Count Four prior to sentencing based on the doctrine of merger – not on the merits – it should now reinstate that Count. See Gov't Opp. at 3, 11-14. Mr. Clark opposes this request. Def. Reply at 7-8.

The D.C. Circuit has instructed that "[t]he vacation of [a conviction] does not destroy the jury verdict, but is rather equivalent in practical effect to a suspension of the imposition of sentence." United States v. Dorsey, 865 F.2d 1275, 1281 n.4 (D.C. Cir. 1989) (quoting United States v. Hooper, 432 F.2d 604, 606 n.8 (D.C. Cir. 1970)). Thus, a court may reinstate a vacated conviction "[i]f it later develops that the interest of justice so requires." Id. (quoting United States v. Hooper, 432 F.2d at 606 n.8); see also Rutledge v. United States, 230 F.3d 1041, 1047-49 (7th Cir. 2000) (noting that "[t]he majority of courts to consider th[e] issue have found that district courts" have the power to reinstate a vacated conviction); cf. United

7

States v. Silvers, 90 F.3d 95, 99-101 (4th Cir. 1996) ("[F]ederal appellate courts appear to have uniformly concluded that they may [reinstate] a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense." (quoting Rutledge v. United States, 517 U.S. 292, 306 (1996)); United States v. Maddox, 944 F.2d 1223, 1232-33 (6th Cir. 1991) (observing that a district court may reinstate a conviction after determining its post verdict acquittal was in error).

Assuming without deciding that Mr. Clark's Section 924(c)(1) conviction on Count Four is valid because the predicate offense of federal carjacking qualifies as a crime of violence under the elements clause, see, e.g., United States v. Crews, Criminal No. 11-0372-1, 2021 WL 5798033, at *21 (D.D.C. Dec. 7, 2021); United States v. Barnes, Criminal No. 19-0027, 2019 WL 5458789, at *1 (D.D.C. Oct. 24, 2019), the Court nevertheless concludes that the interests of justice do not favor reinstating the conviction. To reinstate the vacated Section 924(c)(1) conviction would frustrate Mr. Clark's legitimate expectation in the finality of that conviction, which the Court vacated upon the government's motion more than a decade ago. With the passage of so many years since the offenses were committed, and recognizing that Mr. Clark already has served a substantial period of prison time, with several years still remaining on his 260 month sentence, the interests of justice in this case favor finality. Contrary to the government's argument, declining to reinstate the Section 924(c)(1) conviction on Count Four will not result in a "substantial windfall" for Mr. Clark. Gov't Opp. at 14. Rather, Mr. Clark will benefit from his legitimate expectation that prevailing on his Section 2255 motion would decrease the length of his aggregate sentence.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that defendant Floyd Clark's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Dkt. No. 114], as amended by his Supplement to Defendant's Motion Pursuant to 28 U.S.C. § 2255 [Dkt. No.132], is GRANTED as to his claim challenging the constitutionality of his conviction on Count Two under 18 U.S.C. § 924(c)(1); it is

FURTHER ORDERED that Mr. Clark's Section 924(c)(1) conviction on Count Two of the Indictment [Dkt. No. 6] is VACATED; it is

FURTHER ORDERED that Mr. Clark's five-year mandatory consecutive sentence of imprisonment on that conviction, imposed on August 11, 2011, and amended on September 30, 2014, is VACATED; and it is

FURTHER ORDERED that the United States' motion to reinstate Mr. Clark's formerly vacated Section 924(c)(1) conviction on Count Four of the Indictment [Dkt. No. 165] is DENIED.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: 9/23/24

9